# EXHIBIT 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| Owl Shipping LLC & Oriole Shipping LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
|  | ) |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Ms. Magic Sun

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A

| Place: Clark, Atcheson & Reisert<br>7800 River Rd, North Bergen, NJ 07047 | Date and Time:<br>09/22/2014 10:00 am |
|---|---|

The deposition will be recorded by this method:    Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
   See Exhibit A for document production subject list

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          *CLERK OF COURT*
                                    OR

   _____         _____
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Owl Shipping LLC & Oriole Shipping LLC _____, who issues or requests this subpoena, are:
Tisdale Law Offices, LLC, 60 East 42nd Street, Ste. 1638, New York, NY 10165, (212)-354-0025; tnast@tisdale-law.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

## **DEFINITIONS**

1. The terms "identify" and "provide the identity of" seek the full name, address, employer and telephone number. When used in reference to a document, these terms seek the title, author, date, recipient and present custodian.

2. "Document" means any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation: correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or oral records or representations of any kind, and electronic, mechanical or electric records or representations of any kind of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

3. "Evidence" shall mean evidence of any sort whether oral, documentary, demonstrative, etc., whether or not admissible, and regardless of in whose possession the evidence may come.

4. References to and requests for records, correspondence and or other communications shall be broadly construed to include such written documentary evidence, including but not limited to notes, memoranda, letters, faxes, correspondence, diagrams, drawings, e-mails and other records. References to videos and/or photographs include videotapes, films, photographs, slides and any other photographic representations.

5. "You" or "Your" shall mean and includes yourself and all persons acting in your interest or on your instructions or assisting you, including without limitation Dalian Suntime International Transportation (USA) Inc., Suntime America, Inc., their affiliates, subsidiaries, employees, agents, servants, and representatives, including attorneys, accountants, investigators, advisors, inspectors, surveyors, contracts, and consultants including but not limited to Ms. Magic Sun.

## **INSTRUCTIONS**

The following instructions shall govern the responses and production whose production is called for in the following section:

6. Produce all documents in your possession, custody or control whether these documents are possessed directly by you or by your agents, attorneys, employees, or representatives.

7. At the time of the production of the documents, indicate the specific request(s) to which each document or group of documents is responsive.

8. In the event that multiple copies of the documents exist, produce all non-identical copies of the document, including any and all drafts of the document as well as copies bearing handwritten notes, pictures, or other annotations.

9. If you do not produce any document in full, produce the document to the fullest extent possible, specifying clearly the reasons for your inability to produce the remainder and stating what information, knowledge, or belief you have concerning the unproduced portion.

10. If you do not produce any documents, whether for privilege or any other objection, identify that document in a privilege log containing the following fields: author(s), addressee(s), indicated or blind copy recipients, date, subject matter, nature of document (e.g., report, memorandum, letter, email), number of pages, attachments or appendices, all persons to whom distributed, shown or explained, the present custodian, and the exact nature of the privilege asserted.

11. In the event that any document called for by these document requests once was, but is no longer, in your possession, custody, or control because it has been disposed of (destroyed, discarded, transferred, or no longer exists) identify that document as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, last known location, reason for disposal, person authorizing disposal, nature of the document, and the person disposing of the document.

12. In the event that any information is redacted from a document produced pursuant to these document requests, identify that information in a privilege log as follows: author(s), addressee(s), indicated or blind copy recipients, date, subject matter, nature of document (e.g., report, memorandum, letter, email), number of pages, attachments or appendices, all persons to whom distributed, shown or explained, the present custodian, and the basis for redaction.

13. Pursuant to Fed. R. Civ. P. 34(b)(1)(C), produce electronically stored information in its native electronic form, with all system and imbedded metadata intact. Documents shall not be converted to any other format that in any way limits, destroys, modifies or restricts system of imbedded metadata.

14. As used herein, the singular form of a word shall be interpreted to include the plural form and the plural form shall be interpreted to include the singular form wherever appropriate in order to bring within the scope of this request any document that might otherwise be considered to be beyond its scope.

### List of Documents to be Produced:

1. Any and all financial statements, tax returns, balance sheets, profit and loss statements, and income statements for Dalian Suntime International Transportation Co. Ltd. or their affiliates or subsidiaries for the last 3 years.

2. Any and all documents relating to any and all vessels owned by Dalian Suntime International Transportation Co. Ltd. or their subsidiaries or affiliates, including vessel names, itineraries, and IMO Numbers for each vessel.

3. Any and all documents relating to any and all sub-charter party agreements or other contracts of carriage with any parties to whom Dalian Suntime International Transportation Co. Ltd. has sub-chartered or booked cargo for the vessel M/V Oriole, including correspondence with the same.

4. Any and all documents relating to any and all sub-charter party agreements or other contracts of carriage with any parties to whom Dalian Suntime International Transportation Co. Ltd. had sub-chartered or booked cargo for the vessel M/V Owl, including correspondence with the same.

5. Any and all documents relating to freight payments with respect to the M/V Oriole which have been made or are expected to be made to Dalian Suntime International Transportation Co. Ltd., including the name of the payor, and business address of the payor.

6. All exchanges with port agents and bunker suppliers, as well as cargo interests concerning the M/V Oriole's call at Nakhodka

7. Any and all documents relating to any other vessels with which Dalian Suntime International Transportation Co. Ltd. has or had an active charter since January 1, 2014 until today, including all exchanges with owners, bunker suppliers, port agents, cargo interests.

8. Any and all documents relating to the negotiating and fixing of the charter parties for the M/V Owl and M/V Oriole.

9. Any and all documents relating to all vessels chartered by Dalian Suntime International Transportation Co. Ltd. since January 1, 2014 until today.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| Owl Shipping LLC & Oriole Shipping LLC ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Suntime America, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A

| Place: Clark, Atcheson & Reisert<br>7800 River Rd, North Bergen, NJ 07047 | Date and Time:<br>09/22/2014 10:00 am |
|---|---|

The deposition will be recorded by this method:  Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
　　See Exhibit A for document production subject list

　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/11/2014

　　　　　*CLERK OF COURT*
　　　　　　　　　　　　　　　　　　　　　　OR

_____　　　　　_____
*Signature of Clerk or Deputy Clerk*　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Owl Shipping LLC & Oriole Shipping LLC _____ , who issues or requests this subpoena, are:
Tisdale Law Offices, LLC, 60 East 42nd Street, Ste. 1638, New York, NY 10165, (212)-354-0025; tnast@tisdale-law.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DEFINITIONS

1. The terms "identify" and "provide the identity of" seek the full name, address, employer and telephone number. When used in reference to a document, these terms seek the title, author, date, recipient and present custodian.

2. "Document" means any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation: correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or oral records or representations of any kind, and electronic, mechanical or electric records or representations of any kind of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

3. "Evidence" shall mean evidence of any sort whether oral, documentary, demonstrative, etc., whether or not admissible, and regardless of in whose possession the evidence may come.

4. References to and requests for records, correspondence and or other communications shall be broadly construed to include such written documentary evidence, including but not limited to notes, memoranda, letters, faxes, correspondence, diagrams, drawings, e-mails and other records. References to videos and/or photographs include videotapes, films, photographs, slides and any other photographic representations.

5. "You" or "Your" shall mean and includes yourself and all persons acting in your interest or on your instructions or assisting you, including without limitation Dalian Suntime International Transportation (USA) Inc., Suntime America, Inc., their affiliates, subsidiaries, employees, agents, servants, and representatives, including attorneys, accountants, investigators, advisors, inspectors, surveyors, contracts, and consultants including but not limited to Ms. Magic Sun.

## **INSTRUCTIONS**

The following instructions shall govern the responses and production whose production is called for in the following section:

6. Produce all documents in your possession, custody or control whether these documents are possessed directly by you or by your agents, attorneys, employees, or representatives.

7. At the time of the production of the documents, indicate the specific request(s) to which each document or group of documents is responsive.

8. In the event that multiple copies of the documents exist, produce all non-identical copies of the document, including any and all drafts of the document as well as copies bearing handwritten notes, pictures, or other annotations.

9. If you do not produce any document in full, produce the document to the fullest extent possible, specifying clearly the reasons for your inability to produce the remainder and stating what information, knowledge, or belief you have concerning the unproduced portion.

10. If you do not produce any documents, whether for privilege or any other objection, identify that document in a privilege log containing the following fields: author(s), addressee(s), indicated or blind copy recipients, date, subject matter, nature of document (e.g., report, memorandum, letter, email), number of pages, attachments or appendices, all persons to whom distributed, shown or explained, the present custodian, and the exact nature of the privilege asserted.

11. In the event that any document called for by these document requests once was, but is no longer, in your possession, custody, or control because it has been disposed of (destroyed, discarded, transferred, or no longer exists) identify that document as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, last known location, reason for disposal, person authorizing disposal, nature of the document, and the person disposing of the document.

12. In the event that any information is redacted from a document produced pursuant to these document requests, identify that information in a privilege log as follows: author(s), addressee(s), indicated or blind copy recipients, date, subject matter, nature of document (e.g., report, memorandum, letter, email), number of pages, attachments or appendices, all persons to whom distributed, shown or explained, the present custodian, and the basis for redaction.

13. Pursuant to Fed. R. Civ. P. 34(b)(1)(C), produce electronically stored information in its native electronic form, with all system and imbedded metadata intact. Documents shall not be converted to any other format that in any way limits, destroys, modifies or restricts system of imbedded metadata.

14. As used herein, the singular form of a word shall be interpreted to include the plural form and the plural form shall be interpreted to include the singular form wherever appropriate in order to bring within the scope of this request any document that might otherwise be considered to be beyond its scope.

### List of Documents to be Produced:

1. Any and all financial statements, tax returns, balance sheets, profit and loss statements, and income statements for Dalian Suntime International Transportation Co. Ltd. or their affiliates or subsidiaries for the last 3 years.

2. Any and all documents relating to any and all vessels owned by Dalian Suntime International Transportation Co. Ltd. or their subsidiaries or affiliates, including vessel names, itineraries, and IMO Numbers for each vessel.

3. Any and all documents relating to any and all sub-charter party agreements or other contracts of carriage with any parties to whom Dalian Suntime International Transportation Co. Ltd. has sub-chartered or booked cargo for the vessel M/V Oriole, including correspondence with the same.

4. Any and all documents relating to any and all sub-charter party agreements or other contracts of carriage with any parties to whom Dalian Suntime International Transportation Co. Ltd. had sub-chartered or booked cargo for the vessel M/V Owl, including correspondence with the same.

5. Any and all documents relating to freight payments with respect to the M/V Oriole which have been made or are expected to be made to Dalian Suntime International Transportation Co. Ltd., including the name of the payor, and business address of the payor.

6. All exchanges with port agents and bunker suppliers, as well as cargo interests concerning the M/V Oriole's call at Nakhodka

7. Any and all documents relating to any other vessels with which Dalian Suntime International Transportation Co. Ltd. has or had an active charter since January 1, 2014 until today, including all exchanges with owners, bunker suppliers, port agents, cargo interests.

8. Any and all documents relating to the negotiating and fixing of the charter parties for the M/V Owl and M/V Oriole.

9. Any and all documents relating to all vessels chartered by Dalian Suntime International Transportation Co. Ltd. since January 1, 2014 until today.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| Owl Shipping LLC & Oriole Shipping LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Dalian Suntime International Transportation (USA) Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A

| Place: Clark, Atcheson & Reisert<br>7800 River Rd, North Bergen, NJ 07047 | Date and Time:<br>09/22/2014 10:00 am |
|---|---|

The deposition will be recorded by this method:   Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
    See Exhibit A for document production subject list

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

   *CLERK OF COURT*
                                      OR

_____     _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Owl Shipping LLC & Oriole Shipping LLC _____ , who issues or requests this subpoena, are:
Tisdale Law Offices, LLC, 60 East 42nd Street, Ste. 1638, New York, NY 10165, (212)-354-0025; tnast@tisdale-law.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

## **DEFINITIONS**

1. The terms "identify" and "provide the identity of" seek the full name, address, employer and telephone number. When used in reference to a document, these terms seek the title, author, date, recipient and present custodian.

2. "Document" means any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation: correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or oral records or representations of any kind, and electronic, mechanical or electric records or representations of any kind of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

3. "Evidence" shall mean evidence of any sort whether oral, documentary, demonstrative, etc., whether or not admissible, and regardless of in whose possession the evidence may come.

4. References to and requests for records, correspondence and or other communications shall be broadly construed to include such written documentary evidence, including but not limited to notes, memoranda, letters, faxes, correspondence, diagrams, drawings, e-mails and other records. References to videos and/or photographs include videotapes, films, photographs, slides and any other photographic representations.

5. "You" or "Your" shall mean and includes yourself and all persons acting in your interest or on your instructions or assisting you, including without limitation Dalian Suntime International Transportation (USA) Inc., Suntime America, Inc., their affiliates, subsidiaries, employees, agents, servants, and representatives, including attorneys, accountants, investigators, advisors, inspectors, surveyors, contracts, and consultants including but not limited to Ms. Magic Sun.

## **INSTRUCTIONS**

The following instructions shall govern the responses and production whose production is called for in the following section:

6. Produce all documents in your possession, custody or control whether these documents are possessed directly by you or by your agents, attorneys, employees, or representatives.

7. At the time of the production of the documents, indicate the specific request(s) to which each document or group of documents is responsive.

8. In the event that multiple copies of the documents exist, produce all non-identical copies of the document, including any and all drafts of the document as well as copies bearing handwritten notes, pictures, or other annotations.

9. If you do not produce any document in full, produce the document to the fullest extent possible, specifying clearly the reasons for your inability to produce the remainder and stating what information, knowledge, or belief you have concerning the unproduced portion.

10. If you do not produce any documents, whether for privilege or any other objection, identify that document in a privilege log containing the following fields: author(s), addressee(s), indicated or blind copy recipients, date, subject matter, nature of document (e.g., report, memorandum, letter, email), number of pages, attachments or appendices, all persons to whom distributed, shown or explained, the present custodian, and the exact nature of the privilege asserted.

11. In the event that any document called for by these document requests once was, but is no longer, in your possession, custody, or control because it has been disposed of (destroyed, discarded, transferred, or no longer exists) identify that document as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, last known location, reason for disposal, person authorizing disposal, nature of the document, and the person disposing of the document.

12. In the event that any information is redacted from a document produced pursuant to these document requests, identify that information in a privilege log as follows: author(s), addressee(s), indicated or blind copy recipients, date, subject matter, nature of document (e.g., report, memorandum, letter, email), number of pages, attachments or appendices, all persons to whom distributed, shown or explained, the present custodian, and the basis for redaction.

13. Pursuant to Fed. R. Civ. P. 34(b)(1)(C), produce electronically stored information in its native electronic form, with all system and imbedded metadata intact. Documents shall not be converted to any other format that in any way limits, destroys, modifies or restricts system of imbedded metadata.

14. As used herein, the singular form of a word shall be interpreted to include the plural form and the plural form shall be interpreted to include the singular form wherever appropriate in order to bring within the scope of this request any document that might otherwise be considered to be beyond its scope.

### List of Documents to be Produced:

1. Any and all financial statements, tax returns, balance sheets, profit and loss statements, and income statements for Dalian Suntime International Transportation Co. Ltd. or their affiliates or subsidiaries for the last 3 years.

2. Any and all documents relating to any and all vessels owned by Dalian Suntime International Transportation Co. Ltd. or their subsidiaries or affiliates, including vessel names, itineraries, and IMO Numbers for each vessel.

3. Any and all documents relating to any and all sub-charter party agreements or other contracts of carriage with any parties to whom Dalian Suntime International Transportation Co. Ltd. has sub-chartered or booked cargo for the vessel M/V Oriole, including correspondence with the same.

4. Any and all documents relating to any and all sub-charter party agreements or other contracts of carriage with any parties to whom Dalian Suntime International Transportation Co. Ltd. had sub-chartered or booked cargo for the vessel M/V Owl, including correspondence with the same.

5. Any and all documents relating to freight payments with respect to the M/V Oriole which have been made or are expected to be made to Dalian Suntime International Transportation Co. Ltd., including the name of the payor, and business address of the payor.

6. All exchanges with port agents and bunker suppliers, as well as cargo interests concerning the M/V Oriole's call at Nakhodka

7. Any and all documents relating to any other vessels with which Dalian Suntime International Transportation Co. Ltd. has or had an active charter since January 1, 2014 until today, including all exchanges with owners, bunker suppliers, port agents, cargo interests.

8. Any and all documents relating to the negotiating and fixing of the charter parties for the M/V Owl and M/V Oriole.

9. Any and all documents relating to all vessels chartered by Dalian Suntime International Transportation Co. Ltd. since January 1, 2014 until today.