UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re Application of<br><br>OWL SHIPPING, LLC & ORIOLE SHIPPING, LLC,<br><br>　　　　　Applicants<br><br>Pursuant to 28 U.S.C. § 1782 for Judicial Assistance in Obtaining Evidence from DALIAN SUNTIME INTERNATIONAL TRANSPORTATION (USA), INC., SUNTIME AMERICA, INC., AND MS. MAGIC SUN for Use in a Foreign Proceeding | Civil Action No. 14-5655 (AET)(DEA)<br><br>**MEMORANDUM OPINION AND ORDER** |

ARPERT, Magistrate Judge

　　　This matter comes before the Court on an *ex parte* Application by Owl Shipping, LLC and Oriole Shipping, LLC (collectively "Petitioners") for the issuance of subpoenas to Dalian Suntime International Transportation (USA), Inc. ("Dalian USA), Suntime America, Inc. ("Suntime America"), and Ms. Magic Sun (collectively "Respondents") pursuant to 28 U.S.C. § 1782(a).[1] The proposed subpoenas seek depositions and the production of documents from Respondents for use in a proceeding before the London Maritime Arbitrators Association ("LMAA") between Petitioners and Dalian Suntime International Transportation Company Limited ("Dalian International"). For the reasons set forth below, Petitioners' Application is GRANTED.

---

[1] Because this Application is made *ex parte,* the Court makes no ruling with respect to whether Petitioners' concerns are justified or whether the scope of their request is reasonable. However, *ex parte* applications under 28 U.S.C. § 1782 are frequently granted "where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application." *In re Application of Mesa Power Group, LLC,* 2012 WL 6060941, at *4 (D.N.J. Nov. 20, 2012) (citation omitted). In addition, once the subpoenas are served, Respondents will have the opportunity to move to quash or modify the subpoenas under Federal Rule of Civil Procedure 45.

1

I.      **BACKGROUND**

Owl Shipping LLC ("Owl") and Oriole Shipping LLC ("Oriole") are the owners of the vessels, the M/V Owl and the M/V Oriole, respectively.  Dkt. No. 1, Underhill Decl. ¶ 3.  Dalian International entered into time-charter agreements with Petitioners for the Owl (the "Owl Charter Agreement") and the Oriole (the "Oriole Charter Agreement") (collectively the "Charter Agreements").  *Id.* at ¶¶ 4, 9, 10.   According to Petitioners, the Owl was delivered to Dalian International on June 19, 2014 in accordance the Owl Charter Agreement.  *Id.* at ¶ 13. Petitioners claim that despite receiving invoices and notices, Dalian International failed to pay hire and pay for the bunkers as required by the Owl Charter Agreement.  *Id.* at ¶¶ 15- 18.  As a consequence of the alleged breach, Owl was forced to terminate the charter party and withdraw the vessel.  *Id.* at ¶ 18.  According to Petitioners, there remains a total outstanding amount due under the Owl Charter Agreement of $1,546,336.00.  *Id.* at ¶ 40.

As to the Oriole Charter Agreement, Petitioners claim the Oriole was delivered to Dalian International on June 15, 2014.  *Id.* at ¶ 19. According to Petitioners, despite receiving invoices and notices, Dalian International also failed to pay the invoices as required by the Oriole Charter Agreement. *Id.* at ¶¶ 23-35. Although Dalian International has made partial payment, Petitioners allege there remains a total outstanding amount due of $1,166,915.11 under the Oriole Charter Agreement. *Id*. at ¶ 40.

The Charter Agreements for both the Owl and Oriole contain virtually identical terms and Clause 45 of both Agreements calls for arbitration of all disputes arising out of the contract in London under English law.  *Id.* at ¶ 11, 12.  Petitioners have filed notices of arbitration before the London Maritime Arbitrators Association ("LMAA") in order to address Dalian International's alleged breach of the Charter Agreements. *Id.* at ¶ 37.

Petitioners now seek documents from Respondents they believe will be necessary to substantiate their claims before the LMAA. Specifically, Petitioners seek evidence related to Dalian International's financial situation at the time they entered into the Charter Agreements in order to prove that Dalian International entered into the Agreements in bad faith and knowing it did not have the funds to make the required payments. *Id.* at ¶ 6. Petitioners believe that Respondents, as affiliates of Dalian International, possess highly relevant financial information that Petitioners will not be able to obtain from Dalian International through the LMAA proceedings.[2]

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1782(a), "[t]he district court in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . [t]he order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced before a person appointed by the court." A district court is authorized to grant an application under § 1782 if the following three statutory requirements are met:

> (1) the person from whom discovery is sought resides or is found within the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or any interested person.

*In re Application of Microsoft Corp.,* 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006).

---

[2] Ms. Sun is the general manager of Suntime America, Inc. Underhill Decl. at ¶ 7. According to Petitioners, during a meeting on June 26, 2014, Ms. Sun referred to Dalian International's financial situation and requested additional time to prepare the money due to Petitioners under the Charter Agreements. *Id.* at ¶ 36.

If the statutory requirements are met, a district court may, in its discretion, grant the application. The Supreme Court has identified four discretionary factors that the district court can consider when ruling on a § 1782(a) request":

> (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character or the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign county or the United States; and (4) whether the § 1782 application contains unduly intrusive or burdensome discovery requests.

*Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 247 (2004).

## III. DISCUSSION

**A. Statutory Factors**

The Court finds that Petitioners' Application satisfies all the statutory requirements. First, Petitioners have provided evidence demonstrating that Respondents reside or are found in this district. Dalian USA and Suntime America appear to have offices in New Jersey. Underhill Decl., Ex. 3. According to Petitioners, Ms. Sun serves as a representative for both Dalian USA and Suntime America. *Id.* at ¶ 7. Second, the discovery sought is for use in a proceeding before the London Maritime Arbitrators Association, which constitutes a foreign tribunal under § 1782. *See In re Application of Winning (HK) Shipping Co., Ltd.,* 2010 WL 1796579, at *9-10 (S.D. Fla. Apr. 30, 2010) (holding that a proceeding before the London Maritime Arbitrators Association was a proceeding before "foreign tribunal" within the meaning of § 1782). Finally, Petitioners are litigants in the LMAA proceedings and therefore qualify as interested persons. *See Intel,* 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of the 'interested person[s]' who may invoke § 1782").

**B. Discretionary Factors**

   *i. Jurisdictional Reach of the Foreign Tribunal*

Respondents are not participants in the LMAA proceeding, and the Supreme Court has recognized that:

> "when the person from whom discovery is sought is a participant in the foreign proceeding…the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States may be unobtainable absent § 1782(a) aid."

*Intel,* 542 U.S. at 264. In the LMAA proceeding, Petitioners seek to recover the outstanding balance allegedly owed by Dalian International and show that Dalian International entered into the Agreements in bad faith knowing that they did not have the finds to make the initial payments due following delivery. Petitioners claim that Respondents are in possession of material regarding Dalian International's past transactions, current transaction, and ability to pay under the Charter Agreements, which Petitioners contend is highly relevant to the LMAA proceeding. Accordingly, because Respondents are not participants in the LMAA proceeding, this factor weighs in favor of granting Petitioners' Application.

   *ii. Nature and Receptivity of Foreign Tribunal*

Under the second discretionary factor:

> "a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."

*Intel,* 542 U.S. at 264. There is no evidence before the Court indicating whether the LMAA is receptive to U.S. federal-court jurisdictional assistance. However, "[p]arties that apply for discovery under § 1782 enjoy a presumption in favor of foreign tribunal receptivity that can be offset by reliable evidence that the tribunal would reject the evidence." *Government of Ghana v. ProEnergy Servs., LLC,* 2011 WL 2652755, at *4 (W.D. Mo. June 6, 2011) (*citing Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1099–100 (2d. Cir.1995) ("[W]e believe that a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782"). Based on the evidence before the Court, there is no indication that the LMAA would be non-receptive to the evidence sought by Petitioners.

### iii. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

The third discretionary factors determines "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel,* 542 U.S. at 265. There is nothing to suggest that Petitioners' application is an attempt to circumvent foreign proof-gathering restrictions. Petitioners are seeking discovery from Respondents who are not participants in the LMAA proceeding, and therefore would not be ordered to produce the requested information absent the assistance of § 1782.

### iv. Unduly Intrusive or Burdensome Request

Under the final discretionary factor, the Court must consider whether the discovery sought is unduly intrusive or burdensome. On their face, the subpoenas do not appear to the Court to be unduly intrusive or burdensome. However, because this application was made to the Court *ex parte*, the Court is without sufficient information to evaluate whether the discovery

sought is unduly intrusive or burdensome to Respondents. Once Petitioners serve the requested subpoenas, Respondents will have the opportunity to object or seek an order from the Court modifying or quashing the subpoenas.

Based on the foregoing, the Court finds that the discretionary factors weigh in favor of granting Petitioners' Application for discovery pursuant to § 1782. Accordingly, because Petitioners' Application meets both the statutory requirements and discretionary factors of § 1782, Petitioners' Application is GRANTED.

## IV. CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 17th day of October, 2014,

**ORDERED** that Petitioners' Application for an *ex parte* order compelling discovery for us in a foreign proceeding pursuant to 28 U.S.C. § 1782(a) [Dkt. No. 1] is **GRANTED.**


Dated: October 17, 2014                     /s/ Douglas E. Arpert
                                            DOUGLAS E. ARPERT
                                            United States Magistrate Judge